UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CABRUN E. WATSON, | ) | No. CV 07-5223-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Cabrun E. Watson filed a complaint on August 29, 2007, seeking review of the Commissioner's decision denying his application for disability benefits.  The Commissioner answered the complaint on January 16, 2008, and the parties filed a joint stipulation on March 18, 2008.

**BACKGROUND**

**I**

On August 30, 2004 (protective filing date), plaintiff applied for disability benefits under the Supplemental Security Income program ("SSI") of Title XVI of the Act, 42 U.S.C. § 1382(a), claiming an

inability to work since June 14, 2002, due to shortness of breath, lung problems, and right ankle pain. Certified Administrative Record ("A.R.") 64-67, 76. The plaintiff's application was denied on December 17, 2004. A.R. 49-54. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Robert A. Evans ("the ALJ") on August 1, 2006. A.R. 55-57, 199-215. On October 23, 2006, the ALJ issued a decision finding plaintiff is not disabled. A.R. 15-26. The plaintiff appealed the decision to the Appeals Council, which denied review on June 20, 2007. A.R. 4-11.

**II**

The plaintiff, who was born on February 3, 1966, is currently 42 years old. A.R. 65. He has an eleventh-grade education, and previously worked as a janitor and loader/unloader. A.R. 77, 80, 82-83, 203, 208.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1172 (9th Cir. 2008); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful

activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since

his alleged onset date, June 14, 2002. (Step One). The ALJ then found plaintiff has "mild degenerative joint disease of the right elbow and right forearm, right ankle chronic strain, and status post laparotomy and splenectomy for gunshot wound," which are severe impairments (Step Two); however, he does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff cannot perform his past relevant work. (Step Four). Finally, the ALJ found plaintiff can perform a significant number of jobs in the national economy; therefore, he is not disabled. (Step Five).

**IV**

"A Social Security [recipient] has a statutory right, which may be waived, to be represented by counsel before an ALJ." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam); Skinner v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007); Mendoza v. Barnhart, 436 F. Supp. 2d 1110, 1114 (C.D. Cal. 2006); 42 U.S.C. § 406. However, "[l]ack of counsel does not affect the validity of the hearing unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings." Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) (quoting Vidal v. Harris, 637 F.2d 710, 714-15 (9th Cir. 1981)); Mendoza, 436 F. Supp. 2d at 1115. Thus, the pertinent issue is whether the administrative proceeding was fair, not whether plaintiff properly waived his right to counsel. Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992); Mendoza, 436 F. Supp. 2d at 1115; see also Hall v. Sec'y of Health, Educ. & Welfare, 602 F.2d 1372, 1378 (9th Cir. 1979) ("[E]ven if [claimant] did not completely understand his right to representation by counsel, he would not be

4

entitled to relief absent a showing of prejudice, or unfairness in the proceedings.").

"'In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Smolen, 80 F.3d at 1288 (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006); see also Higbee, 975 F.2d at 561 (per curiam) ("We have long recognized that the ALJ is not a mere umpire at [an administrative hearing], but has an independent duty to fully develop the record. . . ."). When, as here, a recipient or claimant is not represented by counsel, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Higbee, 975 F.2d at 561 (quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)); Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003). To satisfy this requirement, the ALJ must be especially diligent in ensuring that favorable, as well as unfavorable, facts and circumstances are elicited. Higbee, 975 F.2d at 561.

At the administrative hearing, plaintiff testified he was examined at the Hubert H. Humphrey Comprehensive Health Center ("HHH") in 2004, and subsequently received extensive medical treatment, including surgery, while in prison from January 3, 2005, to July 14, 2006. A.R. 201-05. Although the ALJ obtained plaintiff's medical records from HHH, A.R. 181-93, he did not obtain plaintiff's prison medical records -- despite advising plaintiff he would hold the administrative record open and try to obtain the records. A.R. 214-

15.  In fact, there is absolutely no evidence in the administrative record demonstrating the ALJ made any attempt to obtain plaintiff's prison records.[1]  This is especially problematic because the ALJ recognized "the key is going to be . . . [plaintiff's] right hand," and the prison medical records "dealt with the problems with [the] gunshot to that right hand."  A.R. 213.  Moreover, plaintiff testified that "[t]he doctor at . . . Tehachapi [State Prison] said that [plaintiff] would never use [his dominant right] hand again."  A.R. 204.  This, if true, clearly would assist plaintiff in showing he is disabled.  See A.R. 20-21, 211 (ALJ determined plaintiff had the residual functional capacity to perform a limited range of light work; however, vocational expert testified that if plaintiff had no functional ability to use his right dominant hand, he could not work).  Thus, the ALJ failed to fully and fairly develop the record on behalf of plaintiff.[2]  Celaya, 332 F.3d at 1183; Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); see also Struck v. Astrue, 247 Fed. Appx. 84, 86 (9th Cir. 2007) (ALJ failed to fully and fairly develop record for unrepresented claimant when ALJ failed to request needed

---

[1]  In Tidwell v. Apfel, 161 F.3d 599 (9th Cir. 1999), the Ninth Circuit held an ALJ satisfied his duty to develop the record when he "voiced his concerns [about a treating physician's opinions] to [claimant] and her counsel, requested an additional inquiry into the basis for [the] opinions and explained that he would keep the record open so that it could be supplemented by the responses from [the treating physician]."  Id. at 602.  Tidwell is inapposite here since, among other reasons, plaintiff was not represented by counsel, plaintiff explained he had no way of getting the prison records, A.R. 201, and the ALJ stated he would try and get the records.  A.R. 214.

[2]  The ALJ also found plaintiff was not fully credible because "[t]he record shows little in the way of treatment since the gunshot wound in June 2002[,]" A.R. 24; however, plaintiff's prison medical records might remedy this deficiency.

6

1 hospital records, which ALJ recognized were vital to claimant's
2 claim).³

## V

When the Commissioner does not apply the proper legal standards, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004). In this case, "[s]ince the claimant was not represented by counsel and the [ALJ] did not 'scrupulously and conscientiously probe into, inquire of and explore for all relevant facts,' the interests of justice demand that the case be remanded." Vidal, 637 F.2d at 715 (quoting Cox, 587 F.2d at 991); Tonapetyan, 242 F.3d at 1150-51.

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to

//

---

³ See Fed. R. App. P. 32.1(a); Ninth Circuit Rule 36-3(b).

sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  December 12, 2008           /S/ Rosalyn M. Chapman
                                   ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

R&R-MDO\07-5223.mdo
12/11/08